**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARCUS VERMONT BELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 09-CV-0575-CVE-PJC |
| ) | |
| JUSTIN JONES, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and appears *pro se*. Before the Court is respondent's motion to dismiss petition for writ of habeas corpus as time-barred (Dkt. # 9). Petitioner filed a response to the motion (Dkt. # 13), along with a supporting brief (Dkt. # 14), and a supplement (Dkt. # 15) to the supporting brief. Respondent's motion to dismiss is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition is untimely and respondent's motion to dismiss should be granted. The petition shall be dismissed with prejudice.

*BACKGROUND*

Petitioner Marcus Vermont Bell challenges his convictions entered in Tulsa County District Court, Case No. CF-2003-5175. See Dkt. # 10, Ex. 2. The record provided by respondent reflects that on May 12, 2004, petitioner was found to be guilty, based on his pleas of guilty, of Burglary – Second Degree (Count 1), Possession of Marijuana (Count 3), and Possession of Paraphernalia (Count 4). See id. On that date, he was sentenced to twenty (20) years imprisonment on Count 1, and one (1) year in the Tulsa County Jail on each of Counts 3 and 4, with all sentences to be served concurrently. Id. He was represented by attorney David Phillips.

On May 20, 2004, petitioner filed a motion to withdraw his pleas of guilty. On June 4, 2004, the trial court determined that petitioner's attorney had a conflict of interest and could not represent petitioner at the hearing on the motion to withdraw pleas of guilty. The trial court appointed the public defender to represent petitioner and, on June 14, 2004, held a hearing on petitioner's motion. The motion was denied. Id. Petitioner perfected a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See Dkt. # 10, Ex. 1. By order filed January 25, 2005, in Case No. C-2004-654, the OCCA denied the petition for writ of *certiorari*. Id.

More than three years later, on May 16, 2008, petitioner filed an application for post-conviction relief. See Dkt. # 10, Ex. 2. The trial court denied relief by order filed June 13, 2008. Id. Petitioner did not file a timely appeal. However, on February 18, 2009, petitioner filed a second application for post-conviction relief seeking a post-conviction appeal out of time. By order filed March 10, 2009, the trial court denied petitioner's request for an appeal out of time. Petitioner appealed. See Dkt. # 10, Ex. 3. By order filed July 23, 2009, in Case No. PC-2009-391, the OCCA declined jurisdiction and dismissed the attempted post-conviction appeal. Id.

On September 3, 2009, petitioner filed his *pro se* petition for writ of habeas corpus (Dkt. # 1). He claims that his sentence exceeds the maximum allowed under Oklahoma law, that his sentence was improperly enhanced after the State had agreed to dismiss the evidence of his prior felony convictions, and that his sentence was improperly enhanced without an enhancement statute. See Dkt. # 1.

### *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on April 25, 2005, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on April 25, 2005, and, absent a tolling event, a federal petition for writ of habeas corpus filed after April 25, 2006, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner commenced this action on September 3, 2009,

or more than three years beyond the deadline. Absent either statutory or equitable tolling, the petition is time-barred.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), petitioner did not seek post-conviction relief during the relevant period. Petitioner's first application for post-conviction relief was not filed until May 16, 2008, or more than two years after the April 25, 2006, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceedings commenced by petitioner after expiration of the limitations period did not toll the limitations period. Therefore, this action, commenced on September 3, 2009, appears to be untimely.

In response to the motion to dismiss, see Dkt. ## 13, 14, and 15, petitioner argues the merits of his habeas claims and offers no explanation for his failure to file his petition within the one year limitations period. The Court recognizes that the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making

this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). In this case, petitioner has failed to demonstrate that he pursued his habeas claims diligently or that some extraordinary circumstance prevented him from timely filing his federal habeas petition. He is not entitled to equitable tolling.

The Court concludes that petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period applicable to his claims. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus (Dkt. # 9) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**
3. A separate judgment shall be entered in this matter.

**DATED** this 12th day of April, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT